UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| T-SCAN CORPORATION, a Washington Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BPA TECHNOLOGIES, INC., a California Corporation; and ALFRESCO SOFTWARE AMERICAS, INC., a Delaware Corporation,<br><br>Defendant. | CASE NO. 2:10-cv-00470-MJP<br><br>ORDER ON MOTION TO DISMISS |

    This matter comes before the Court on Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5). (Dkt. No. 21.) Having reviewed the motion, the response (Dkt. No. 25), the reply (Dkt. No. 28), and all related papers, the Court GRANTS the motion.

**Background**

    On March 19, 2010, T-Scan sued Co-Defendants Alfresco Software Americas, Inc. ("Alfresco") and BPA Technologies, Inc. ("BPA") for Fraud in the Inducement of a Contract and Breach of Contract. Alfresco contends it was not properly served within 120 days of T-Scan

ORDER ON MOTION TO DISMISS- 1

1  filings its complaint. See Fed. R. Civ. P. 4(m). BPA does not contest service. On November 8,
2  2010, the Court extended T-Scan's service deadline for Alfresco to December 8, 2010, accepting
3  T-Scan's explanation that its delay had been caused by settlement negotiations. (Dkt. No. 19.)
4  On November 9, 2010, T-Scan's attorney mailed a copy of the summons and complaint to
5  Alfresco's registered agent in Los Angeles, CT Corporation System ("CT"). (Dkt. No. 22, ¶ 2.)
6  CT forwarded these to Alfresco. (Dkt. No. 22, ¶¶ 2-3.) Because "delivery" is required for proper
7  service, T-Scan's mailed documents were insufficient. See Fed. R. Civ. P. 4(h)(1)(B). T-Scan's
8  attorney claims that he also mailed copies to Process Service Server of Los Angeles County
9  ("PSSLAC") in Los Angeles, which would have perfected service, but the copies never arrived.
10 (Dkt. No. 25, ¶ 3.) On November 29, 2010, Alfresco filed a Notice of Appearance that
11 specifically declined to waive an insufficient service of process defense. (Dkt. No. 20.)
12      After the December 8, 2010 deadline passed, Alfresco filed this Rule 12(b)(5) motion to
13 dismiss for insufficient service of process. Since then, T-Scan has claimed to have perfected
14 service, but has failed to file proof with the Court.
15                                      **Analysis**
16 A.   Standard
17      If the Plaintiff shows good cause for the delay, the court must extend the time for service,
18 and if good cause is absent, the court has discretion to allow the plaintiff more time. See Fed. R.
19 Civ. P. 4(m); Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2007). Here, both parties agree
20 that service was not perfected by the December 8, 2010 deadline. (Dkt. No. 25 at 2–3.)
21 B.   Good Cause
22      At a minimum, "'good cause' means excusable neglect," which requires a
23 showing of some reasonable basis for noncompliance within the time specified. In Re
24

1  Sheehan, 253 F.3d 507, 512 (9th Cir. 2001); Adams v. AlliedSignal Gen. Aviation
2  Avionics, 74 F.3d 882, 887 (8th Cir. 1996).
3      T-Scan offers three bases for its delay, but they are all unconvincing. First, T-
4  Scan's claims that it sent the documents to PSSLAC to serve on Alfresco, but that
5  "[u]nfortunately, for inexplicable reasons," PSSLAC never received the documents. (Dkt.
6  No. 25 at 2.) This claim is not backed up by any proof of payment, postage receipts, or
7  with the written instructions required by PSSLAC (Dkt. No. 26, ¶3.). It also contradicts
8  the "Proof of Service" slip T-Scan sent to CT, evidence that T-Scan believed mailing the
9  documents to CT was sufficient service. (Dkt. No. 22, ¶2; Dkt. No. 26, ¶3; Dkt. No. 28 at
10 3.) Furthermore, it is the lawyer's responsibility to monitor the process server. Putnam v.
11 Morris, 833 F.2d 903, 905 (10th Cir. 1996); see also Boudette, 923 F.2d at 757. Second,
12 T-Scan's counsel's illness did not constitute good cause because he had a week after his
13 illness to properly mail PSSLAC the summons and complaint before the deadline
14 expired. (Dkt. No. 20; Dkt. No. 26, ¶¶4–10.) Lastly, T-Scan's counsel claims he did not
15 know service was insufficient. (Dkt. No. 26, ¶11.) But T-Scan should have been alerted
16 when Alfresco filed a Notice of Appearance reserving its right to raise insufficient
17 service (Dkt. No. 20.)
18 C.    Discretion Absent "Good Cause"
19     In the absence of "good cause," the Court has "broad," but not "limitless," discretion to
20 extend the service deadline. In re Sheehan, 253 F.3d at 513; Efaw, 473 F.3d at 1041. The court
21 must consider actual notice, statute of limitations, prejudice to the defendant, good faith of the
22 movant, and eventual service. See, e.g., Efaw, 473 F.3d at 1041; United States v. 2,164 Watches,
23
24

1  More or Less Bearing a Registered Trademark of Guess?, Inc., 366 F.3d 767, 773 (9th Cir.

2  2004); Lemoge v. U.S., 587 F.3d 1188, 1192 (9th Cir. 2009).

3       Although Alfresco had actual notice and might not be prejudiced, T-Scan's behavior

4  warrants dismissal. T-Scan allowed over nine months to pass without proper service. It ignored

5  deadlines by allowing the 30-day extension the Court granted in November to elapse. (Dkt. No.

6  19.) Now, after several months, T-Scan claims to have effectuated service, but has still failed to

7  file Proof of Service with the Court. (Dkt. No. 26, ¶13; Dkt. No. 32 at 2–3.) Furthermore, T-Scan

8  will not suffer a loss resulting from the expiration of a statute of limitations. (Dkt. 25 at 3.) The

9  Court finds dismissal without prejudice is warranted.

### Conclusion

11       T-Scan has not shown "good cause" for its failure to serve, and its repeated

12  noncompliance with deadlines makes dismissal appropriate. The Court GRANTS the motion to

13  dismiss.

15       The clerk is ordered to provide copies of this order to all counsel.

16       Dated this 21st day of January, 2011.

*[signature]*

Marsha J. Pechman
United States District Judge