HON. MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| T-SCAN CORPORATION, a Washington Corporation,<br><br>    Plaintiffs,<br><br>    vs.<br><br>BPA TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | Case No.:  2:10-cv-470<br><br>PLAINTIFF'S MOTIONS IN LIMINE<br><br>**CLERKS ACTION REQUIRED**<br>**NOTE ON MOTION CALENDAR**<br>**JUNE 10, 2011** |

## I.     INTRODUCTION

Plaintiff T-Scan Corporation ("T-Scan") has sued Defendants BPA Technologies, Inc. ("BPA") and Alfresco Software Americas, Inc. ("Alfresco") for Fraud in the Inducement of a Contract, and BPA Technologies, Inc. only for two counts of Breach of Contract, arising from business transactions among the parties.

T-Scan was looking for some new software products that would allow it to substantially expand its records storage and retrieval and litigation support services.  T-Scan found that Alfresco's software would suit most of T-Scan's needs, but that enhancements would be required in order for T-Scan to offer the range of services it desired.

1     Alfresco referred T-Scan to BPA, who Alfresco represented was a member of the Alfresco Partner Network Program as a System Integrator.  According to Alfresco's Web site, "System Integrators provide expertise consulting, integration and migration services for Alfresco content management solutions. All System Integrators have trained and certified Alfresco consultants on staff."

    Based upon Alfresco's and BPA's representations, T-Scan hired BPA to perform the modifications and paid Alfresco in excess of $89,000 for consulting by Alfresco to T-Scan and for BPA to be able to seek assistance, when necessary, from Alfresco engineers while BPA developed the enhancements.

    After many lengthy delays and missed deadlines, accompanied by payments of more than $70,000 to BPA, T-Scan discovered that BPA did not have a "trained and certified Alfresco consultant on staff."

    T-Scan terminated BPA's access to T-Scan computers and began to seek other engineers to help T-Scan get the solution it seeks.

## II.    MOTION AND MEMORANDUM OF LAW

### A.    THE MOTION

    Plaintiff T-SCAN CORPORATION ("T-Scan"), by and through its counsel of record and pursuant to Fed. R. Civ. P. 6(b)(1) hereby MOVES THIS HONORABLE COURT for an Order Granting Plaintiff's Motions In Limine for the reasons more fully described herein.

### B.    DISCUSSION

    Plaintiff's counsel hereby certifies that a telephonic meeting was conducted by counsel for the parties on May 31, 2011 in a good faith effort to resolve these issues.

    The standard of relevance in the federal courts is quite liberal: "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401.  Fed. R. Evid. 402 states, "All relevant evidence is admissible,

except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." In addition to excluding evidence, a motion in limine may be used to ascertain the admissibility of certain evidence. *United States v. Vasquez-Landaver*, 527 F.3d 798 (9th Cir. Cal. 2008).

At issue here are the following:

**1.  The History and Nature of the Agreement Between the Parties Should be Admitted at Trial.**

Plaintiff seeks to introduce at trial seven (7) iterations of a proposal and contract between the parties. The parties dispute whether the last iteration of that contract is a "time and materials" based contract, which the first six iterations were, or whether it is a "deliverable goods" contract. This dispute goes to the very heart of the breach of contract claims made by the Plaintiff and the counter-claims made by the Defendant. If the last iteration is a time-and-materials contract, then Defendant's claims for payment take on greater viability. If, on the other hand, the contract is a deliverable-goods agreement, then Defendant's counter-claims are substantially weakened and Plaintiff's position that it owes nothing to Defendant because Defendant failed to deliver the goods in a workable manner and exceeded time deadlines for delivery by no less than seven (7) months.

The question of the nature of the agreement is a factual question that must be considered and decided by the trier of fact. A reasonable trier of fact needs to be able to consider the history of iterations of the agreement fully in an effort to decide the issue. As such, all iterations need to be put before the trier of fact in order to ascertain if the contract was changed in its nature with the last iteration. As such, all iterations of the agreement are highly relevant in making this determination.

Copies of the proposed exhibits are attached to the *Declaration of Robert S. Apgood in Support of Plaintiff's Motions In Limine* ("Apgood Decl.") as Exhibits 1-7, respectively, and by this reference fully included herein.

### 2. Evidence of Other, Required Expenditures by Plaintiff Are Relevant in Calculating Plaintiff's Damages.

As a result of Defendant's failure to deliver software goods as promised, Plaintiff T-Scan suffered consequential damages by being required to pay Alfresco Software Americas, Inc. the sum of sixty-thousand dollars ($60,000) for the licensing of Alfresco's software. This is true because Alfresco prohibits its Gold Partners, of which Defendant BPA is one, from contracting for work with Alfresco software users unless those users have a current support contract with Alfresco.

If the loss is non-accidental, or is of a consequential nature, the remedies available under the UCC will govern. *Apollo Group v. Avnet, Inc.*, 58 F.3d 477, 480 (9th Cir. Ariz. 1995). Under the Uniform Commercial Code, a buyer can obtain consequential damages resulting from the seller's breach. UCC § 2-715. Plaintiff is entitled to put information of damages before the trier of fact where Plaintiff T-Scan has suffered damages as a direct and consequential result of BPA's failure to deliver the goods as promised and, as such, T-Scan received no benefit from its payment to Alfresco. Because the payment to Alfresco was intimately tied to T-Scan's ability to hire BPA to develop the software, a reasonable trier of fact could well determine that these monies are direct and consequential damages arising from Defendant BPA's breaches. Consequently, these monies are relevant to the damages calculations performed by the trier of fact and documents evidencing the payments are necessary and relevant.

Copies of the agreements between Plaintiff and Alfresco are attached to the Apgood Decl. as Exhibits 8-9 and by this reference fully included herein.

### C. RELIEF SOUGHT

As explained more fully, *supra*, the inclusion of all iterations of the proposal and agreement between Plaintiff T-Scan and Defendant BPA are relevant and necessary in order that a trier of fact can fully consider whether the final iteration of the proposal and agreement is a deliverable-goods contract. As such, all of the negotiating of the proposal and agreement are relevant to the case and should be admitted.

So, too, is the inclusion and admission of the agreement between Plaintiff T-Scan and Alfresco relevant to the trier of fact when considering damages suffered by Plaintiff, as is all evidence of payments by T-Scan to Alfresco.

Plaintiff T-Scan respectfully requests this Court to grant these motions in limine.

DATED this 31st day of May 2011.

Respectfully submitted,

s/ *Robert S. Apgood*
Robert S. Apgood, WSBA 31023
CARPELAW PLLC
2400 NW 80th Street #130
Seattle WA 98117
Vox: 206-624-2379
Fax: 206-784-6305
Email: rob@carpelaw.com

**CERTIFICATE OF SERVICE**

I, Robert S. Apgood, do hereby certify that on the 31st day of May 2011, I caused true and correct copies of the following:

1. Plaintiff's Motions In Limine;
2. Declaration of Robert S. Apgood in Support of Plaintiff's Motios In Limine and the exhibits thereto;
3. [Proposed] Order Granting Plaintiff's Motions In Limine; and
4. this Certificate of Service

to be served on:

Venkat Balasubramani
Sean McChesney
Focal PLLC
8426 40th Ave SW
Seattle, WA 98136

by filing a copy of same with the Clerk of the Court via the court's CM-ECF system. As a result of their agreement with the court and court rules, copies will be provided to the above-named individuals through the CM-ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at Seattle, Washington,

DATED this 31st day of May 2011.

**CARPELAW PLLC**

*s/ Robert S. Apgood*
WSBA # 31023
CARPELAW PLLC
2400 NW 80th Street #130
Seattle, WA 98117-4449
Telephone: (206) 624-2379
Facsimile: (206) 784-6305
E-mail: rob@carpelaw.com